Robert L. CONRAD et al.

v.

RHODE ISLAND STATE BOARD OF ELECTIONS.

No. 80–297–M.P.

Supreme Court of Rhode Island.

July 29, 1980.

Frank Caprio, Providence, for petitioners.

Dennis J. Roberts II, Atty. Gen., John S. Foley, Sp. Asst. Atty. Gen., for respondent.

ORDER

We have issued our common–law writ of certiorari to review a decision rendered by the Rhode Island State Board of Elections which held that the petitioners were ineligible to file declarations of candidacy for the office of member of the Democratic Town Committee of the town of Narragansett. The Board's decision affirmed a similar finding previously made by the town's Board of Canvassers. The petitioners' declarations were rejected because none of the petitioners had been a registered voter in the town of Narragansett for a period of thirty days prior to the submission of their declarations.

In its pertinent part, G.L. 1956 (1969 Reenactment) § 17–14–2 reads: "No person shall be eligible to file a declaration of candidacy * * * unless such person shall, at the time of filing such declaration

be qualified to vote in a primary within the district for the office which he seeks." An examination of G.L. 1956 (1969 Reenactment) § 17–1–3 (1979 Cum.Supp.) reveals that any citizen of the United States who is eighteen years of age may vote in any municipality he or she desires provided they have resided in their chosen municipality for a period of at least thirty days before the election and they have been registered to vote in that municipality at least thirty days prior to the election. The petitioners have continuously maintained that eligibility to file for office should be determined as of the date of the primary election, which is scheduled to be held on September 9, 1980, whereas the Board of Elections and Board of Canvassers determined eligibility as of the date of the filing of the petitioners' declarations.

For reasons which will be embodied in an opinion to be filed later, we hold as a matter of statutory construction that the petitioners' eligibility is to be determined as of the day their declarations were filed.

The petition for certiorari is denied and dismissed, the writ previously issued is quashed, and the action of the Board of Elections in rejecting the petitioners' challenge to the action of the Board of Canvassers is affirmed.

DORIS, J., did not participate.